**NOT FOR PUBLICATION**

AUG 27 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30128 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00001-TMB-1 |
| v. | |
| RICHARD CORUM, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 13, 2015
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

A jury found Defendant-Appellant Richard Corum guilty of one count each

of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(C), and 846, and threatening a witness with intent to influence his testimony

in violation of 18 U.S.C. § 1512(a)(2)(A) and (a)(3)(B). The district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

sentenced Corum to terms of imprisonment of 120 months on the conspiracy count and 36 months on the witness tampering count, to run concurrently. Corum appeals his conviction on both counts. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Corum argues that the district court abused its discretion in failing to order separate trials on the conspiracy and tampering counts for two reasons. First, Corum argues that a video depicting Corum attacking a coconspirator in an Anchorage jail was admissible only as to the tampering count, and sufficiently prejudicial as to the conspiracy count to require severance. Corum waived this argument by failing to raise it in the district court before trial. *See* Fed. R. Crim. P. 12(b)(3)(D); *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002). And even if we may review Corum's contention for plain error, no such error occurred. The jail video did not cause sufficient prejudice to require severance because it was relevant to both counts—it tended to show both that Corum attacked his coconspirator to prevent the coconspirator from testifying and that Corum was conscious of his guilt in the oxycodone conspiracy. *See United States v. Mitchell*, 502 F.3d 931, 963 (9th Cir. 2007).

Second, Corum argues that severance was required because he had important testimony to give regarding the tampering count and a strong reason to refrain from

2

testifying concerning the conspiracy count. *See United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983). Corum does not explain his reason for wishing not to testify as to the conspiracy charge, except to say that he would invoke his Fifth Amendment privilege against self-incrimination. But Corum's tactical desire to testify as to one count and shield himself from damaging cross-examination on the other is not a sufficiently "strong" reason to refrain from testifying. *See United States v. Yarbrough*, 852 F.2d 1522, 1529–30 (9th Cir. 1988); *Nolan*, 700 F.2d at 483. The district court did not abuse its discretion in denying severance. *See United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011).

Corum next argues that the district court violated Corum's confrontation right by refusing to strike the direct testimony of a witness who invoked the privilege against self-incrimination during cross-examination. However, the questions against which the witness invoked the privilege concerned a matter that was "purely collateral" to the witness's direct testimony, *see United States v. Norman*, 402 F.2d 73, 76–77 (9th Cir. 1968)—Corum's questions on cross aimed to impeach the witness based on unrelated charges the witness faces in California. In addition, Corum was able to attack the witness's credibility in other ways; for example, by suggesting that the witness had a motive to favor the Government, and eliciting that the witness had lied to police officers investigating the oxycodone

3

conspiracy. Because Corum had ample opportunity to impugn the witness's credibility, the witness's invocation of the privilege against self-incrimination in response to questions concerning a collateral matter did not require the district court to strike the witness's direct testimony. *See Norman*, 402 F.2d at 76–77.

**AFFIRMED.**